IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

| | : | |
|---|---|---|
| IN RE: | : | Case No.: 16-12601 |
| | : | Chapter 13 |
| CHRISTOPHER DEYONTE VAUGHN | | |
| Debtor | : | |
| | : | |

*******************************************

| | : | |
|---|---|---|
| ANDREWS FEDERAL CREDIT UNION, | : | Adversary No.: |
| Plaintiff, | : | |
| v. | | |
| | : | |
| CHRISTOPHER DEYONTE VAUGHN, | | |
| | : | |
| Defendant. | | |

**************************************************************************

ANSWER TO ANDREWS FEDERAL CREDIT UNION'S COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

Defendant, Christopher Deyonte Vaughn, by and through counsel, Stacy R. Pace, herein answers Plaintiff's Complaint, as follows:

### First Defense

Defendant did not provide information to Plaintiff with the intent to do harm.

### Second Defense

1

To the extent that Plaintiff believes that any provided information is inaccurate, the provision of such information in and of itself does not denote fraud, false pretenses, or any similar or related act of deception.

### Third Defense

To the extent that an allegation is not explicitly admitted, it is denied.  The following paragraphs respond to the numbered paragraphs of the Plaintiff's Complaint.

1-5.   Admitted.

6.   Admitted.

7.   Defendant received a car loan from Plaintiff for a used, mechanically deficient vehicle. Defendant intended at that time to grant Plaintiff a security interest in the vehicle.

8-9.   It is believed that Plaintiff perfected its security interest before this complaint was filed, however, not before the vehicle was sold.

10.   Defendant decided to cut his loses; the vehicle was not worth what he had paid.  As such, the vehicle was sold for less than the loan and an adjustment was made to reflect the diminished value of the vehicle.

11.   Defendant has never denied that he continues to owe Plaintiff for the value of the car loan and that he intended to grant Plaintiff a security interest in the vehicle.

12.   Denied.  Defendant spoke to Plaintiff via phone prior to the sale and informed its representative of his intended course of action.  Defendant filed under chapter 7 without

counsel.  Any omissions within the initially filed schedules are the result of Defendant's lack of familiarity with filing requirements.

13. Denied.  It is believed that Plaintiff did receive payment for a period of time post-sale.  Proceeds from the sale were added and co-mingled with Defendant's other funds and were used to support his financial needs.

14. Denied.  It is believed that Plaintiff did receive a loan from Navy Federal Credit Union and that Defendant did make numerous payments to repay said loan after the receipt of funds.

15. It is unclear what Plaintiff determines to be within the "same time period."  If Plaintiff is asking whether Defendant obtained loans from both Navy Federal Credit Union and Andrews Federal Credit Union, Defendant answers in the affirmative.  Defendant obtained loans from both credit unions.

16-17. These are case citations, to which a response should not be deemed required.  To the extent that a response is required, Defendant states that neither malice nor deceit was involved in any of Defendant's actions with regard to this loan.

18-20. Denied.

Prayer for Relief: 1-3.  Defendant specifically denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

WHEREFORE, the Defendant requests that this Court enter judgment against Plaintiff, deny all remedies and requests, and award Defendant any further relief that may be just and proper, including attorney's fees.

Respectfully submitted,

| | |
|---|---|
| /s/ Stacy R. Pace_____ | /s/ Christopher Vaughn_____ |
| Stacy R. Pace, Esq. Bar No.: 17460 | Christopher Vaughn |
| PACE Group PLLC | *Defendant* |
| 1629 K Street, NW, Ste. 300 | |
| Washington, DC 20006 | |
| Phone: 202248-6866 \| Fax: 202-280-1395 | |
| Email: Stacy@PACEGroupPLLC.com | |
| *Counsel for Defendant* | |

**CERTIFICATE OF SERVICE**

I hereby certify that on **July 3, 2016** the foregoing Answer was served via CM/ECF to the Chapter 13 Trustee and the Plaintiff by CM/ECF and first class mail, postage prepaid.

Nancy Spencer Grigsby
Chapter 13 Trustee
4201 Mitchellville Rd., Ste. 401
Bowie, Maryland 20716

Diana C. Theologou
Silverman Theologou, LLP
11200 Rockville Pike
Suite 520
N. Bethesda, Maryland 20852

/s/ Stacy R. Pace_____

Stacy R. Pace

Case 16-00264    Doc 7    Filed 07/03/16    Page 5 of 6

Case 16-00264    Doc 7    Filed 07/03/16    Page 6 of 6